IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGRAL DEVELOPMENT CORP, | |
| Plaintiff, | No. C 12-06575 JSW |
| v. | |
| VIRAL TOLAT, | **ORDER OF TENTATIVE RULING AND QUESTIONS** |
| Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 10, 2013 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The Court **tentatively DENIES** Plaintiff's application for a temporary restraining order but **tentatively GRANTS** request for expedited, limited discovery. The parties are encouraged to stipulate to a mutually-agreeable protective order to submit for Court approval.

The parties shall each have 20 minutes to address the following questions:

1. Plaintiff Integral sues to have Defendant return all property belonging to his former employer. However, Defendant represents that he has returned all property to Integral, including his "transition notes and notebooks and all Inventions that [he] developed or reduced to practice while employed at Integral and which related to Integral's business were left in Integral's offices or resides on Integral's servers." (Tolat Declaration at ¶ 2 (a), (d).) Integral represents that "[t]here are multiple patent applications in process and multiple additional patent disclosures which Integral needs [Defendant] to finish." (Yau Reply Declaration at ¶ 6; *see also* Sandhu Reply Declaration at ¶¶ 8-10.)

    a. The parties' confidentiality agreement provides that the employee will return "all tangible forms of such Confidential Information in [his] possession or control, including but not limited to drawings, specifications, documents, records, devices, models or any other material and copies or reproductions thereof." Has Defendant returned all physical notes, notebooks, and all other property belonging to Integral?

    b. Are there ideas Defendant developed at Integral that were not reduced to writing and, if so, how can Defendant be required to return those?

2. For the first time, in its reply papers, Integral mentions that Defendant forwarded Integral's confidential financial information to his separate personal gmail account in December 2012, just four days before meeting with the competitor/employer. (Reply at 2, Sandhu Reply Declaration at ¶ 5.) What is the content and importance of this information?

3. Should the Court grant Plaintiff's request for limited expedited discovery, when will Defendant be available for deposition? How much time after a deposition would the parties be available to participate in a settlement conference, either before a Magistrate Judge of this Court or a private mediator at their own shared expense?

4. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: January 8, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2