IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

INTEGRAL DEVELOPMENT CORP,

    Plaintiff,

v.

VIRAL TOLAT,

    Defendant.

No. C 12-06575 JSW

**ORDER DENYING PLAINTIFF'S *EX PARTE* APPLICATION FOR A TEMPORARY RESTRAINING ORDER**

Now before the Court is the *ex parte* application for a temporary restraining order ("TRO") and an order to show cause why a preliminary injunction and a writ of attachment should not issue. In order to obtain a TRO or preliminary injunctive relief, Plaintiff Integral Development Corporation ("Plaintiff") "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 129 S. Ct. 365, 374 (2008) (citations omitted). The *Winter* court also noted that because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." 129 S.Ct. at 375-76 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (*per curiam*)). Thus "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 376 (citing *Amoco Production Co. v. Gambell*, 480 U.S. 531, 542 (1987)). An *ex parte* application for a TRO may only be granted if "specific facts in an affidavit or a verified complaint clearly show that

immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. Proc. 65(b)(1)(A). In the absence of any evidence to support claims of any misappropriation or threat to disclose trade secrets, Plaintiff fails to meet this standard.

The Court, however, does grant Plaintiff's request for expedited, but limited, discovery. Absent further stipulation of the parties and as addressed on the record at the hearing in this matter, reciprocal document discovery shall be completed by no later than January 31, 2013; limited depositions shall be conducted by no later than February 14, 2013; and private mediation shall be completed by no later than March 14, 2013 (costs to be shared equally between the parties). The Court has referred any and all discovery disputes to a Magistrate Judge for resolution.

**IT IS SO ORDERED.**

Dated: January 10, 2013

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE