1
2
3
4
5
6
7
8                          UNITED STATES  DISTRICT COURT
9                            Northern District of California
10                                San Francisco Division
11   INTEGRAL DEVELOPMENT                   No. C 12-06575 JSW (LB)
     CORPORATION,
12                                          **ORDER RE JOINT DISCOVERY
                         Plaintiff,         LETTER BRIEFS (ECF NOS. 55 AND
13                                          56)**
            v.
14
     VIRAL TOLAT,
15
                         Defendant.
16   _____/

17                              **INTRODUCTION**

18      Plaintiff Integral Development Corporation has sued Defendant Viral Tolat, alleging that he has

19   violated his employment contract, breached his fiduciary duties, and misappropriated its trade

20   secrets.  The parties have two discovery disputes: (I) whether Mr. Tolat improperly failed to respond

21   to questions posed during his deposition; and (II) regarding the production and/or return of certain

22   electronic information.  *See* Joint Letters, ECF Nos. 55 and 56.  Certain portions are filed under seal

23   and give context to the court's orders below, but because the context is sensitive, the court does not

24   refer to it.

25      The court held a telephonic hearing on April 22, 2013 and rules as follows.

26                                **ANALYSIS**

27   **I. MR. TOLAT'S DEPOSITION**

28      As described in the under seal parts of the joint letter, with about 30 minutes left in his

UNITED STATES DISTRICT COURT
For the Northern District of California

deposition, Integral's counsel asked Mr. Tolat certain questions, and Mr. Tolat's attorney asked for context and an offer of relevance.  Then Integral's counsel followed with questions relating to network issues, and Mr. Tolat responded to the allegations.  The transcript shows a heated debate between the lawyers and an attempt to call the court.  (Apparently the parties called the courtroom deputy and not chambers.)  Then, counsel for Integral represents that – off the record and with about 20 minutes left in the deposition – he asked to finish questioning, and Mr. Tolat's lawyer said that he wanted a court order first.  (This last point was raised at the hearing, and Mr. Tolat's lawyer had a different take on what happened.)

Mr. Tolat argues that the questions were in bad faith and violated Rule 37(d)(3)(A), which allows a deposition to be limited or terminated if the questions are in bad faith or to harass.  Integral argues that the questions are relevant because his job performance is at issue given his alleged breach of his contractual and fiduciary duties.

On the one hand, relevance objections are improper (and reserved), and Judge White's standing order for civil practice says that explicitly.  On the other hand, the questions are of marginal relevance and – at least on this record – would not come in as evidence maybe on a straight Rule 402 basis and certainly an a Rule 403 analysis.  There was a certain "gotcha" quality to the questions, and they came right at the end.  For all sorts of reasons, sentiments may be inflamed in an employment case such as this where the parties have a long-standing relationship, and one party (here, Mr. Tolat) is ending his relationship with Integral, who may not have wanted the relationship to end.  Also, while the parties' expedited discovery is a good process to get toward settlement (and the record reflects that the parties had intended private mediation by March 14, 2013, and they confirmed at the hearing that they are pursuing it and a court-sponsored settlement conference), probably this kind of questioning is not something that facilitates settlement.  Whatever context the factual record provides is already there.

In any event, had the parties been able to reach the court during Mr. Tolat's deposition, the court likely would have allowed the final 20 minutes to proceed and would have admonished counsel to be less heated and more fact-oriented.  Integral's requested relief of a full-day of questioning is not proportionate to the significance of the questions, as evidenced by Integral's raising them at the end

UNITED STATES DISTRICT COURT
For the Northern District of California

1    of the deposition. Also, there were about 20 minutes left at the end, and the factual record already

2    exists in a way not likely to be illuminated by further questioning. Still, this ruling is without

3    prejudice to Integral's raising the issue later in the context of a fact proffer that demonstrates a real

4    need for more information.

5    **II. ELECTRONIC INFORMATION**

6        Integral asserts that Mr. Tolat returned his office Blackberry without the memory card, and it

7    asserts that he synchronized it with his home computer. Integral also has information that he took

8    his email folders with him and uploaded company files into a personal Dropbox account. Integral

9    wants Mr. Tolat to (1) produce the hard drive for forensic analysis (to be returned as soon as is

10   reasonably possible), (2) return the Blackberry memory card, (3) produce for analysis any media

11   with information belonging to Integral, (4) return confidential information uploaded to Dropbox, and

12   (5) return any source code he took from Integral.

13       As to the Blackberry memory card, for the reasons stated on the record, the court orders Mr.

14   Tolat to return within 7 days any memory card he has. If he does not have the card, he should

15   provide a declaration saying that he does not have it. If he had one and lost it, he should explain that

16   in the declaration.

17       As to the computer hard drive, computer media, source code, and Dropbox, the court orders the

18   following. Mr. Tolat is to return all confidential information to Integral, including any source code[1]

19   that he took. He may not possess it on any media, including his computer or any storage devices or

20   Dropbox. In the letter brief, he offered to have an independent expert confirm that he deleted

21   information from his home computer and Dropbox. At the hearing, he offered to have Integral

22   review his Dropbox, and counsel will meet and confer on a procedure. If they cannot agree, they

23   will use the independent expert that Mr. Tolat agreed to for the hard drive. As to the hard drive, the

24   parties will agree to a mutually-agreed to expert to review Mr. Tolat's hard drive, return any

25   personal information to him on a new storage device (without disclosing to Integral what it is), and

26   perform a forensic analysis to see if any information was transferred from that computer (and when)

27

28       [1] Mr. Tolat says that he did not take source code. If that is the case, then there is no issue, but the court orders its return regardless for the reasons stated on the record.

1    to other storage devices.

2        As to the selection of the expert, the parties should confer.  Mr. Tolat has an incentive to be sure

3    that Integral agrees with his choice.  Integral should suggest someone.   The court will decide if the

4    parties cannot.

5        As to what happens to the hard drive, Mr. Tolat suggested that his hard drive be destroyed after

6    that.  That may be appropriate after the litigation concludes or after the forensic analysis is

7    completed, but it is not now.

8        As to what is "personal information," the court expects that there is confidential information,

9    truly personal information, and "personal" information that Integral may say really is confidential.

10   The parties will meet and confer as to the categories and provide the independent expert with the

11   protocol for the search.  The court's view is that Mr. Tolat ought to be able to identify what is

12   personal because he knows what is on his computer.  His privacy interests are protected because in

13   the end, the hard drive will be returned.  This is his opportunity to segregate out what is truly

14   personal and give Integral confidence that it has all of its information back.  As Integral's counsel

15   pointed out, this matters to the client for settlement.

16                                        **CONCLUSION**

17       This disposes of ECF Nos. 55 and 56.

18       **IT IS SO ORDERED.**

19   Dated: April 22, 2013                _____

20                                        LAUREL BEELER
                                          United States Magistrate Judge

21

22

23

24

25

26

27

28