UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| INTEGRAL DEVELOPMENT CORP., | No. C 12-06575 LB |
| Plaintiff, | **ORDER GRANTING PLAINTIFFS' ADMINISTRATIVE MOTIONS TO FILE PORTIONS OF DOCUMENTS UNDER SEAL AND DENYING AS MOOT DEFENDANT'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL** |
| v. | |
| VIRAL TOLAT, | |
| Defendant. | |
| _____/ | [Re: ECF No. 59, 60, 62] |

On April 11, 2013, the parties filed redacted versions of two joint discovery letters briefs describing two discovery disputes. Joint Discovery Letter Brief No. 1, ECF No. 55; Joint Discovery Letter Brief No. 2, ECF No. 56. Plaintiff also filed redacted versions of two declarations in support of its positions in these two joint discovery letter briefs. Sandhu Declaration, ECF No. 57; Berryhill Declaration, ECF No. 58. Thereafter, Plaintiff filed two administrative motions requesting permission to file portions of the two joint discovery letter briefs and the Sandhu and Berryhill Declarations under seal. First Administrative Motion, ECF No. 59; Second Administrative Motion, ECF No. 60. On April 15, 2013, the undersigned's chambers received unredacted copies of the two joint discovery letter briefs and the Sandhu and Berryhill Declarations. These unredacted copies, however, did not highlight the portions of the letters and declarations that Plaintiff seeks to file under seal. Upon being ordered to do so, Plaintiff thereafter submitted new, unredacted versions of the two joint discovery letter briefs and the Sandhu and Berryhill Declarations with the portions that

Plaintiff seeks to file under seal highlighted in yellow. Then, on April 16, 2013, Defendant filed his own administrative motion requesting that several of the same documents be filed under seal. Defendant's Administrative Motion, ECF No. 62.

Good cause shown, the court **GRANTS** Plaintiff's administrative motions. Plaintiff's proposed orders, however, included only the portions of the documents it designated as confidential and did not, for some reason, include the portions of the documents Defendant designated as confidential. Accordingly, the court specifies that the following shall be filed under seal:

1. The highlighted portions of the Joint Letter Brief No. 1 Regarding Discovery Disputes, filed April 11, 2013, on pages 1, 2, 4, 5;
2. Paragraphs 2-5 and 8 to the Declaration of Harpal Sandhu, filed April 11, 2013;
3. Paragraphs 4-5 to the Declaration of Jon Berryhill, filed April 11, 2013;
4. The highlighted portions of Exhibit 1 to Joint Letter Brief No. 1 Regarding Discovery Disputes, which are excerpts of Deposition Transcript of Viral Tolat, March 7, 2012, pages 429:17-435:13;
5. Exhibit 3 to Joint Letter Brief No. 1 Regarding Discovery Disputes, which are excerpts of Deposition Transcript of Arthur Patterson, March 15, 2013;
6. The highlighted portions of Exhibit 5 to Joint Letter Brief No. 1 Regarding Discovery Disputes, which is a March 11, 2012 Proposed Letter To Judge Beeler, on page 2;
7. The highlighted portions of Exhibit 6 Joint Letter Brief No. 1 Regarding Discovery Disputes, which is a Draft of the Declaration of Harpal Sandhu on pages 2-4;
8. Exhibit 7 to Joint Letter Brief No. 1 Regarding Discovery Disputes, which are excerpts of Integral Production Documents that are marked "confidential";
9. Exhibit 8 to Joint Letter Brief No. 1 Regarding Discovery Disputes, which are portions of a March 20, 2013 Letter from Mr. Russo to Mr. Eckhaus;
10. Portions of Exhibit 4 to the Joint Letter Brief No. 2 Regarding Discovery Disputes, which is a March 20, 2013 Letter from Mr. Russo to Mr. Eckhaus;
11. Exhibit 5 to Joint Letter Brief No. 2 Regarding Discovery Disputes which are excerpts of the Deposition Transcript of Arthur Patterson, March 15, 2013;

12. Portions of Exhibit 6 Joint Letter Brief No. 1 Regarding Discovery Disputes, which is a Draft of the Declaration of Harpal Sandhu, on pages 2-4; and

13. Exhibit 7 to Joint Letter Brief No. 2 Regarding Discovery Disputes, which are excerpts of Integral Production Documents that are marked "confidential."

In light of the court granting Plaintiff's administrative motions, Defendant's administrative motion, which asks the undersigned to allow a subset of the above-listed documents to be filed under seal, is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Dated: April 22, 2013

_____
LAUREL BEELER
United States Magistrate Judge