Steven G. Eckhaus *(SE 1929)*
*Pro Hac Vice*
Steven.eckhaus@kattenlaw.com
Stuart Richter (CSB No. 251554)
Stuart.richter@kattenlaw.com
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022-2585
Telephone:   212.940.8860
Facsimile:    212.894.5925

Attorneys for Defendant VIRAL TOLAT

JACK RUSSO (State Bar No. 96068)
CHRISTOPHER SARGENT (State Bar No. 246285)
COMPUTERLAW GROUP LLP
401 Florence Street
Palo Alto, CA 94301
Telephone: (650) 327-9800
Facsimile: (650) 618-1863
E-mail: jrusso@computerlaw.com
          csargent@computerlaw.com

Attorneys for Plaintiff
INTEGRAL DEVELOPMENT CORP.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INTEGRAL DEVELOPMENT CORP, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIRAL TOLAT, an individual, and DOES 1-20,<br><br>Defendant. | Case No.: 3:12-cv-06575-JSW (LB)<br><br>**JOINT LETTER BRIEF NO. 3 REGARDING DISCOVERY** |

The undersigned lead counsel attest that counsel for the parties have met and conferred on multiple occasions by correspondence and by telephone regarding the dispute in the attached letter.

Dated: May 15, 2013                              KATIN MUCHIN ROSENMAN LLP

                                                 By:    /s/ Steven Eckhaus
                                                        Steven G. Eckhaus
                                                        *Pro Hac Vice*

                                                 Attorneys for Defendant VIRAL TOLAT


Dated: May 15, 2013                              COMPUTERLAW GROUP LLP

                                                 By:        /s/Jack Russo
                                                        Jack Russo
                                                        Christopher Sargent

                                                 Attorneys for Plaintiff
                                                 INTEGRAL DEVELOPMENT CORP.

**ATTORNEY ATTESTATION**

As required by General Order 45, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from the signatories indicated by a conformed signature (/s/) within this e-filed document.

_____
Steven G. Eckhaus, Esq., *Pro Hac Vice*

## DEFENDANT'S STATEMENT OF UNRESOLVED DISPUTE AND BACKGROUND

Defendant Viral Tolat ("Dr. Tolat") moves, pursuant to Fed. R. Civ. P. 45, for an Order to quash a subpoena served upon third-party Dropbox, Inc. ("Dropbox") by Plaintiff Integral Development Corporation, Inc. ("Integral"). The parties have agreed on a protocol, as ordered by this Court on April 22, 2013, to permit an independent expert to review Dr. Tolat's Dropbox Account (the "Order")[1] to ensure that no confidential information of Integral remains in Dr. Tolat's possession. Despite the pending matter, on April 9, 2013 Integral, without any notice to Defendant, issued a third party subpoena to Dropbox for untrammeled access to the Dropbox Account (the "Subpoena")[2]. It was only by Dropbox's notice to Dr. Tolat personally that it had, on April 30, 2013 objected that Defendant was even aware of the Subpoena.[3]

Rather than confining itself to the narrowly tailored information it purports to need, Integral's subpoena requests the entire range of everything that Dr. Tolat has ever uploaded, maintains or used in his Dropbox Account. The Subpoena is in violation of Dr. Tolat's rights under Title 18 USC § 2702 of the federal Stored Communications Act (the "SCA") because it attempts to force a third party internet media provider to release "the contents of any communication which is carried or maintained on that service". It is also, given this Court's Order, and Defendant's agreement to expand on the examination ordered by the Court, duplicative. As a party to this action whose personal information is imperiled, Dr. Tolat has standing to move to quash, and accordingly requests that the Court quash the Subpoena.

## BACKGROUND

On April 11, 2013, Integral, in Letter Brief No. 2, stated, for the first time, that "Integral very recently discovered that Tolat uploaded without authorization a large number of confidential and trade secret files onto a personal online "Dropbox" account as recently as November 2012."[4]

Dropbox is an online file sharing site which was developed, as its website proclaims, by creators who were "tired of emailing files to themselves to work from more than one computer." As Integral's Chief Technology Officer, Dr. Tolat was constantly working on files in both the office and at home, and on multiple devices. Accordingly, he opened a Dropbox account in January, 2012 in order to efficiently work on documents from various remote and office locations. He also used the Dropbox account for personal storage of a variety of files. When he left Integral's employ, he deleted any documents belonging to Integral; he has, however, maintained his personal files, and has added his employment documents from EBS Dealing Resources, Inc. ("EBS").

In Defendant's portion of Joint Letter Brief No. 2, Dr. Tolat's counsel noted the ubiquity of Dropbox accounts, and stated that in order to test Dr. Tolat's statement that he had used Dropbox to work on Integral files while at Integral, and deleted them prior to his resignation, "[w]e have no objection to having an independent expert review Dr. Tolat's Dropbox Account." By order dated April 22, 2013, this Court ordered precisely that, and on May 4, the parties expressly and in writing agreed to a protocol for the independent expert to review the Dropbox account (the "Protocol"). As stated in Exhibit 5, the parties agreed that Integral would identify certain files it alleged Dr. Tolat uploaded to Dropbox, after which the expert would determine if the files still existed, were transferred to any other account or media, and, as Plaintiff directly requested, provide a list of all files in the account, divided into categories of "Integral data", "personal data", and "possible Integral data". The parties further

---

[1] A copy of the Order is attached as Exhibit 1.
[2] A copy of the Subpoena is attached as Exhibit 2 .
[3] A copy of the notice is attached as Exhibit 3.
[4] Joint Letter Brief No. 2 is attached as Exhibit 4.

agreed to protect Dr. Tolat's EBS documents, attorney-client privileged documents, and password files[5].

Integral has accordingly received everything it needs and more. The Order and the Protocol agreed between the parties provide ample protection to Integral by allowing it to test Dr. Tolat's statements that he deleted any Integral documents from his Dropbox account prior to his resignation from Integral, and has not accessed nor used those documents since. However, unbeknownst to Dr. Tolat on April 9, 2013, Integral served the Subpoena on Dropbox. Tellingly, the Subpoena is not limited to the data Integral claims it needs, but is designed to examine the content of every document Dr. Tolat has ever uploaded to Dropbox. The first three demands, for example are: "(1) Any and all DOCUMENTS uploaded to DROPBOX by TOLAT from January 19, 2012 to the present; (2) Any and all DOCUMENTS downloaded by TOLAT from January 19, 2012 to the present; and (3) Any and all DOCUMENTS accessed or viewed by TOLAT from January 19, 2012 to the present."

Integral has made these demands despite its knowledge that Dr. Tolat uses Dropbox for his most sensitive personal data and may utilize it for work product of his new employer. Dr. Tolat was not even aware that his Dropbox Account was subject to the Subpoena until Dropbox, rather than Integral, notified him via e-mailed statement on April 30, 2013. The parties met and conferred on May 10, 2013, in an effort to narrow the Subpoena especially in light of this Court's Order, but were unable to agree on any parameters.

## ARGUMENT

### I. The Subpoena Must Be Quashed Because It is Duplicative

Integral has stated that it needs to review Dr. Tolat's Dropbox Account solely for purposes of assessing whether Integral's confidential information resides in the Account, and whether it has been copied or transferred to any third parties. The expert review ordered by the Court and the protocol agreed between the parties will, in its entirety, accomplish Integral's purposes. Where a third party subpoena seeks information that is "cumulative, duplicative and irrelevant" because the party itself has produced such evidence, the Court will properly quash the subpoena. See, e.g. EEOC v. Sherramonte, 237 F.R.D. 220, 223 (N.D. Cal. 2006)(quashing a subpoena on a third party where the plaintiff had already "produced and continues to produce" the evidence sought by the third party subpoena).

### II. The Subpoena Seeks the Content of Communications in Violation of the Stored Communications Act

Congress passed the SCA in 1986 because "the advent of the Internet presented a host of potential privacy breaches that the Fourth Amendment does not address." Optiver Australia Pty. Ltd. & Anor. v. Tibra Trading Pty. Ltd. & Ors., 2013 WL 256771, at * 1 (N.D.Cal. Jan.23, 2013). The SCA prohibits electronic service providers from knowingly producing the contents of a user's electronic communications. Id. at *2 (citing 18 U.S.C. § 2701, et seq.). Specifically, the SCA states that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1). The Act defines "electronic communication service" as "any service which provides to users thereof the ability to send or receive wire or electronic communications." 18 U.S.C. § 2510(15). "Contents," when used with respect to electronic communication, is defined as "any information concerning the substance, purport, or meaning of that communication." 18 U.S.C. § 2510(8).

The disclosure of the content of stored electronic communications for use in civil litigation violates the SCA, even if made pursuant to a subpoena. See Theofel v. Farey—Jones, 359 F.3d 1066,

---

[5] A copy of the email establishing the protocol for the Expert is attached as Exhibit 5.

1071–72, 1077 (9th Cir.2004); Obodai v. Indeed, Inc., 2013 WL 1191267 (N.D. Cal. March 21, 2013)(quashing subpoena which sought documents concerning Google e-mail account); O'Grady v. Superior Court, 139 Cal. App. 4th 1423, 1443 (Cal. App. 2006) (finding no ambiguity in SCA and finding that Congress knew quite well how to make exceptions to prohibition on disclosure but chose not to make an exception for civil discovery subpoenas); Federal Trade Comm'n v. Netscape Communications Corp., 196 F.R.D. 559, 561 (N.D. Cal. 2000) ("There is no reason for the court to believe that Congress could not have specifically included discovery subpoenas in the statute had it meant to."); and Hone v. Presidente U.S.A., Inc., 2008 U.S. Dist. LEXIS 55722 at *4-5 (N.D. Cal. 2008) (granting motion to quash subpoena seeking contents of plaintiff's Yahoo! email account, finding that defendant's interest in obtaining potentially relevant information did not eliminate the SCA's prohibition on release of plaintiff's email contents).

The Subpoena plainly violates the SCA. Dropbox is an online service provider which stores and hosts document and electronic communication contents at the direction of a user, which data is held behind a password protected wall. As such, it is subject to the SCA, and accordingly may not lawfully disclose content information. Integral has made no attempt to restrict the Subpoena in accordance with the SCA. The terms "document" and "communication" are defined in the broadest possible method, which clearly implicates the very content of any files uploaded, stored, or maintained. Accordingly, the Subpoena must be quashed.

### DEFENDANT'S CONCLUSION

The defective Subpoena should be quashed for the two independent reasons stated herein. Dr. Tolat has given access to his Dropbox Account, on the Order of this Court, sufficient to protect Integral's interests. Plaintiff has no right under federal law to gain anything more.

### PLAINTIFF INTEGRAL'S OPPOSITION TO MOTION TO QUASH

Even with all the sound and fury of Tolat's **untimely** motion,[6] the core issue on this motion is clarified by two undisputable points: **first**, the necessity of the subpoena in this case, given the inconsistencies and lack of trustworthiness in the defense's position; and **second**, the state of the law in the Ninth Circuit and in the Northern District in particular regarding a litigant's rights to electronic discovery under the SCA. With these points clarified, there can be no question but that electronic discovery from Dropbox is necessary and appropriate.

A. **Integral did Not Waive its Rule 45 Subpoena Rights.**

The level of distrust of Tolat should be obvious; the manner in which he has chosen to "dribble back" to Integral information which is the property of Integral and which he blatantly misrepresented as already having been returned to Integral should be obvious. To clear up these misrepresentations as to the timeline and the state of the meet and confer process, Integral notes:

1. Integral served the subpoena on April 9, 2013, well before the April 22 hearing and order by this Court granting Integral relief to examine the Dropbox account. (Ex. 1, pp. 3-4.)

2. Seeking this information from a third-party was fully reasonable and necessary, given that Integral had only Tolat's record of (a) concealing, both in sworn affidavits and in deposition testimony, the existence of the account and the fact that he uploaded Integral information to it;[7] (b) misrepresenting to the Court, in sworn affidavits and in deposition testimony, that he had returned all

---

[6] Under Rule 45 of the Federal Rules of Civil Procedure, the motion by Defendant had to have been **granted** before the date of production (May 15) and thus this filing is late; for that reason alone, the Court should deny this motion.
[7] At no time since being confronted with these facts has Tolat provided a sworn statement explaining his conduct.

Integral property (specifically, the Integral-issued Blackberry and its complete memory cards); and (c) deleting evidence of trade secret documents in his possession, even after he had notice of Integral's claims against him.

    3.    Since the April 22 hearing, Tolat totally reneged on his assurance of candor and transparency, by attempting to dictate terms limiting the expert to only "confirm[ing] that Integral data has been deleted from Dropbox,"[8] far less than the Court ordered.[9]

    4.    Further, on April 23, 2013, Dropbox served its objections.[10] Specifically, Dropbox noted its objection to producing content based on the strictures of the Stored Communications Act. Since April 23, counsel for Dropbox and for Integral have met and conferred as required by the Federal Rules. In this meet and confer, conducted in the week following the objections, Dropbox reiterated its SCA objection to *content* requests, but agreed a certain production of *non-content* comporting with its current understanding of SCA discovery law on this issue. Integral's counsel suggested that Dropbox make its **non-content** production and that Integral would reserve its rights as to a motion to compel. That is the information that Integral now requests.

A litigant need *not* rely just on what a party supplies in discovery; third-party discovery has been available from third-parties in federal litigation for decades under Federal Rule 45. The scope of Rule 45 is not fundamentally different when electronic discovery is sought. Integral never waived its Rule 45 rights (nor has any litigant in this case done so); accordingly, the requested discovery is fully proper under Rule 45.

The non-content information here is critical here: the dates, people, email and requested IP addresses will demonstrate to whom Tolat gave access to Integral's trade secrets. Tolat's motion to quash should be denied because it seeks to prevent disclosure of necessary facts and evidence. Tolat has consented to examination of the Dropbox account, promising transparency, yet later reneged for no articulable reason. Even after repeatedly assuring in writing that he has returned everything to Integral, forensically obtained evidence proves exactly the opposite: uncovering not only the existence of the Dropbox account, but also the sizeable cache of documents uploaded, whose file names alone identify them as Integral-owed trade secrets.[11] Critically, **this information was not disclosed by Tolat until confronted with the evidence.** Indeed, it was to counter this dishonest conduct that Integral sought, and obtained, the relief granted in the April 22 Order. Integral crafted its requests seeking information specifically in the custody of Dropbox, because: (a) as the service provider, Dropbox will have access to metadata regarding the registration, use, and access history of this (and any other accounts), which may not be otherwise available to the independent expert; and (b) as a third party, Dropbox can provide such complete and undoctored metadata which will assist the independent expert and Integral's expert in their examination.

    **B.    The SCA Allows the Discovery Requested.**

Tolat misrepresents to the Court the state of the law on the rights of aggrieved parties such as Integral to take discovery from third parties such as Dropbox under the SCA: "[t]he statutory framework governing online communication is almost a quarter century old and has not been amended to keep pace with changes in technology since that time." Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965, 972 n.15. The Ninth Circuit has described the SCA as "ill-suited to address modern forms of

---

[8] Exhibit 6, Statement of Work, and e-mail correspondence between R. Lux and S. Eckhaus, May 3-5, 2013.
[9] Tolat's counsel purports to outline the agreement with Integral regarding the independent expert's examination of the Dropbox account; Integral notes the paraphrase is incomplete, and the full agreed examination is set out in Exhibit 6.
[10] Exhibit 7.
[11] Exhibit 8.

communication." Konop v. Hawaiian Airlines, Inc., 302 F.3d 868, 874 (9th Cir. 2002). In the absence of legislative action, it has fallen to the courts to apply the SCA to emerging technologies such as cloud computing. Crispin, 717 F. Supp. 2d at 972 n.15.

A closer look at the cases cited by Tolat verifies this. In 2013, Magistrate Judge Grewal of this District described the "question of exactly what qualifies as 'content' whose disclosure" may be prohibited by the SCA as "persnickety." His analysis notes that the SCA does not bar *all* responsive production to a Rule 45 subpoena; rather, a service provider may respond, provided it does not, without the subscriber's consent, disclose "contents" of a "wire, oral, or electronic communication. Optiver Austl., 2013 U.S. Dist. LEXIS 9287, at *6-7. "Content" is defined as "any information concerning the substance, purport or meaning of that communication." Id., at *7 n.13. In Optiver, where the subscriber did not consent (as Tolat has here), Magistrate Judge Grewal nonetheless deemed "permissible" a subpoena request for "documents sufficient to show the recipients, sender, date sent, date received, date read, and date of deleted e-mails, email attachments, or Google Talk messages sent or received." Id., at *10.

The Ninth Circuit affirms that Integral is entitled to the subscriber information it seeks. Sams v. Yahoo! Inc., 2013 U.S. App. LEXIS 7464, at *9 (9th Cir. Apr. 15, 2013) (analyzing the validity of a subpoena under SCA "rules for compelling the production of a subset of non-content records . . . that Congress has deemed less private than other records"); Obodai v. Indeed, Inc., 2013 U.S. Dist. LEXIS 39682, *8 (N.D. Cal. Mar. 21, 2013) (approving a request for "a list of all IP addresses that have accessed [an e-mail] account, along with the dates and times of access," noting the SCA allows disclosure of "user identification information, 'records of session times and durations,' and temporarily assigned network addresses."(quoting the statue).)

Integral subpoena conforms to this decisional law, including:

(a) **Non-content** metadata, analogous to seeking the e-mail attachments (Ex. 2, Req. Nos. 1-3.);

(b) "[M]etadata for files stored on DROPBOX, Internet Protocol ("IP") addresses, browser type, the web page visited before accessing DROPBOX (i.e., HTTP REFERER information), search terms, locale preferences, identification numbers associated with devices, mobile carrier, **date and time stamps** associated with transactions, system configuration information, and other interactions by TOLAT with the DROPBOX Services" (id., Req. Nos. 7; see also id., Req. No. 8.) ;

(c) Documents necessary to identify **any electronic accounts** Tolat has opened (which may not have been disclosed) (id., Req. No. 6); and,

(d) Documents necessary to identify **all persons** given access to upload, download, or edit information on the account (id., Req. Nos. 4-5), including the billing and payment histories which would reveal the identities of subscribers (id., Req. Nos. 9-12).

All relevant case law in the Ninth Circuit and in the Northern District in particular has held that information sought by this subpoena is non-content, and therefore not subject to SCA protections. The subpoena must be enforced, and the scheduled production allowed.

### INTEGRAL'S CONCLUSION

The motion to quash should be denied. There is no precedent for compelling a waiver of Integral's Rule 45 subpoena rights in this case. Integral's subpoena seeks permissible, relevant non-content metadata discovery from the independent source which has custody of this information.