1
2
3
4
5
6
7
8                    UNITED STATES  DISTRICT COURT

9                      Northern District of California

10                        San Francisco Division

11   INTEGRAL DEVELOPMENT CORP.,            No. C 12-06575 JSW (LB)

12              Plaintiff,                  **ORDER REGARDING DISCOVERY
                                            DISPUTE IN 5/15/2013 JOINT
13         v.                               LETTER BRIEF**

14   VIRAL TOLAT,                           [Re: ECF No. 80]

15              Defendant.

16   _____/

17                          **INTRODUCTION**

18        The court previously issued an order about electronic copies of Integral's information that Mr.

19   Tolat uploaded from Integral to his Dropbox account.  *See* 4/22/13 Order, ECF No. 65 at 3-4.  That

20   order directed Mr. Tolat to return all confidential information to Integral, confirmed that he could

21   not keep the information, and established procedures to verify that he no longer had the information

22   (as he represented).  *Id.*  The procedures also included a forensic analysis of his hard drive to

23   confirm whether and when he transferred any information.

24        The issue now is Integral's April 9, 2013 Rule 45 Subpoena to Dropbox for broad information

25   beyond that contemplated in the previous joint letter brief and beyond that ordered by the court.

26   5/15/13 Joint Letter Brief, ECF No. 80.   For example, it asks for all documents uploaded to,

27   downloaded from, or accessed and viewed from Mr. Tolat's Dropbox from January 19, 2012 to the

28   present, even though the court devised procedures to segregate out personal information.  *See*

1  4/22/13 Order, ECF No. 65, at 3-4.  The court held a hearing on May 30, 2013 and orders the

2  following new procedures.

3                              **ANALYSIS**

4       The court's last discovery order was about forensic analysis of computer hardware to show what

5  Mr. Tolat did or did not do with Integral's private information, and it also was about confirming that

6  Mr. Tolat did not retain any sensitive information (while still protecting his private information and

7  any information attributable to his new employer).  The second point was all that was addressed in

8  the court's order about the Dropbox account.

9       Integral's subpoena to Dropbox now is broader, and its relevance apparently is about showing

10  what Mr. Tolat did and did not do with Integral information.  The content it sought is broader than

11  what is relevant (in that its "all documents" approach is not limited to Integral information).  It also

12  violates the court's approach to protecting private information.  Integral also should have fronted the

13  issue.  Dropbox apparently is resisting providing content under the Electronic Communications

14  Privacy Act, 18 U.S.C. § 2703, although it will produce non-content information such as subscriber

15  information.  *See* Joint Letter Brief, ECF No. 80 at 6, and Ex. 7, ECF No. 8-7 at 5-6 (for subscriber

16  viral.tolat@gmail.com).  Integral's view is that this non-content information is all that is at issue

17  now, and it reserves its option of moving to compel the content information from Dropbox.  Joint

18  Letter Brief, ECF No. 80 at 6.

19       At the hearing, the court asked defense counsel whether he objected to the production of the non-

20  content information such as subscriber information, and he said that he did not object.

21       The court also discussed with the parties what Integral apparently wants to do, which is

22  reconstruct a forensic evaluation of what Mr. Tolat did with Integral's private information and his

23  Dropbox account.  Possible things that could be revealed are what he uploaded (which is

24  information that duplicates and confirms what Integral can see from its analysis of its own servers),

25  what he downloaded to his personal computer (which is information that may be confirmed through

26  the forensic analysis of the computer hard drive contemplated in the court's last order), and what

27  was transferred to other computers (such as possibly a computer or storage media device affiliated

28  with his new company).  Intermingled with all of this are the privacy concerns (both Mr. Tolat's

UNITED STATES DISTRICT COURT
For the Northern District of California

UNITED STATES DISTRICT COURT
For the Northern District of California

1   and his new employer's) that the court tried to address in its previous order.  There also is a burden

2   articulated by Dropbox, the overbroad content of what Integral seeks, and the interplay with Mr.

3   Tolat's own discovery obligations to provide documents relevant to any party's claim or defense.

4   Fed. R. Civ. P. 26(b)(1).  That obligation does not change just because the information is with

5   Dropbox.

6       The other issue is that Mr. Tolat has agreed to give the independent expert full access to his

7   Dropbox account to accomplish the forensic investigation consistent with maintaining the privacy

8   interests.  Integral countered that not all information will be accessible from end user access and

9   instead, the subpoenaed information is necessary for the forensic analysis it wants to do.

10      The solution is that the content information will be produced not to Integral but to Mr. Tolat and

11  the independent expert.  This addresses Dropbox's concerns about disclosing content because it is

12  disclosure to Mr. Tolat (through his attorney).  It addresses Integral's "don't trust him" issues

13  because Mr. Tolat's attorney will disclose it to the independent expert.  It addresses privacy issues

14  by the use of the independent expert.

15      If there are additional burden issues on Dropbox, they should be narrowed by the parties by

16  having their technical people discuss with Dropbox what can be ascertained by the independent

17  expert's end user access and what needs to be provided by Dropbox.  Also, Integral can tell when

18  the uploads happened (presumably after January 19, 2012).  At some point, it may become clear

19  what happened to the uploaded information (thus obviating the need for production of all

20  information from 2012 "to the present").  The court also ordered that Mr. Tolat does not need to give

21  his passwords to Integral.

22      The process here mimics the process already devised by the court to analyze Mr. Tolat's hard

23  drive and is designed to show what happened to Integral's information and make sure that Mr. Tolat

24  does not have it any more.

25      In a different case, the court would stage this by conducting the hard drive analysis, having the

26  expert evaluate what he can from end user access (particularly with an eye toward clarifying that Mr.

27  Tolat has no information that he is not entitled to), and then seeing what else should be done.  But

28  here, Integral cannot meaningfully engage in settlement conversations until it clarifies what

1  happened with its sensitive information.  The court thus orders this process now.  At the same time,

2  the parties should consider the costs of this process and how it bears on the dollar values at stake in

3  the litigation and should include the court in the process if the costs exceed the value to Integral.

4  The parties also should be mindful that at some point, the forensic analysis will provide enough

5  clarity that the expert can stop.

6      **IT IS SO ORDERED.**

7  Dated: May 30, 2013

8                                                    LAUREL BEELER
                                                     United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

C 12-06575 JSW (LB)
ORDER                                    4