UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| INTEGRAL DEVELOPMENT CORP, | No. C 12-06575 JSW (LB) |
| Plaintiff, | **ORDER RE: THE PARTIES' JOINT DISCOVERY DISPUTE LETTER DATED AUGUST 22, 2013** |
| v. | |
| VIRAL TOLAT, | [Re: ECF Nos. 127, 131, 137] |
| Defendant. | |

**INTRODUCTION**

Integral has a Rule 45 subpoena to Mr. Tolat's new employer EBS, and the parties dispute whether it is too broad. *See* Joint Letter Brief, ECF No. 127; Separate Letter Briefs, ECF Nos. 131, 137.[1] The court held a telephonic discovery case management conference on September 12, 2013 and issues this order memorializing its orders.

**ANALYSIS**

Integral narrowed its subpoena in a July 11, 2013 letter to EBS. *See* Ex. 9 to Russo Decl., ECF No. 129-9. The parties dispute the following three areas: (I) whether the category requesting communications by Dr. Tolat to EBS asks for information about broad and technical subjects that comprise EBS's legitimate foreign exchange trading business; (II) whether the category that asks for

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronically-generated page numbers at the top of the document.

C 12-06575 JSW (LB)
ORDER

communications between EBS/ICAP[2] and third parties referencing Integral's executive staff or key employees is too broad and creates a burden disproportionate to the possibility that it will yield relevant information; and (III) whether the category that asks for communications between EBS/ICAP and third parties identified through contact information from Dr. Tolat's Blackberry is not producible because (A) Dr. Tolat did not download his Blackberry contacts onto EBS's server (and EBS thus does not have them) and (B) they in any event are not trade secrets. Joint Letter Brief, ECF No. 127 at 7 (EBS's position); Ex. 9 to Russo Decl., ECF No. 129-9 at 2-3 (Integral's position).[3]

## I. COMMUNICATIONS BY DR. TOLAT TO EBS

Exhibit 9, which is Integral's proposed compromise, limits the information to 2012. That limitation takes care of the issue, and the court orders production for 2012.

## II. COMMUNICATIONS TO THIRD PARTIES RE: INTEGRAL'S KEY EMPLOYEES

EBS proposed producing communications by Dr. Tolat that reference these identified persons. It argues that a broader production is burdensome and implicates privilege issues. As the court discussed with the parties at the hearing, starting with Dr. Tolat's own communications will provide illumination about who else might have relevant information and can provide a factual context for any future productions that can be more targeted to increase relevance and reduce burden.

## III. COMMUNICATIONS FROM BLACKBERRY CONTACTS

EBS says that Dr. Tolat did not download his Blackberry contact information onto their system and that it does not otherwise have any contract information derived from Dr. Tolat's Blackberry contacts. That ends the issue.

---

[2] ICAP apparently is EBS's British affiliate. *See, e.g.,* Ex. 3 to Russo Decl., ECF No. 129-3 at 4.

[3] Integral's arguments in the joint letter brief at ECF No. 127 are mostly about EBS's failure to produce documents that it agrees are producible pending agreement on all issues. Joint Letter Brief, ECF No. 127 at 2. It then argues that the information sought is relevant, EBS needs to say what is privileged, and its refusal to provide documents is unreasonable. *Id.* at 2-3. To the extent that Integral's arguments begin with its attempts to limit discovery as set forth in Exhibit 9, the discovery dispute really is captured in a comparison of Exhibit 9 to EBS's position in the joint letter brief.

**CONCLUSION**

As the court discussed with the parties, iterative discovery means that the parties can start with productions that illuminate the fact lay of the land, and then they can fashion more targeted requests. That is the court's approach here: start with more obvious categories (e.g., Dr. Tolat's own communications, Dr. Tolat's pre-employment communications), see what they reveal, and target future discovery based on the context of what is revealed.

This disposes of ECF Nos. 127, 131, and 137.

**IT IS SO ORDERED.**

Dated: September 13, 2013

LAUREL BEELER
United States Magistrate Judge