UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| INTEGRAL DEVELOPMENT CORP,<br><br>              Plaintiff,<br>   v.<br>VIRAL TOLAT,<br><br>              Defendant.<br>_____/ | No. C 12-06575 JSW (LB)<br><br>**ORDER REGARDING THE PARTIES' SEVENTH JOINT LETTER BRIEF DATED SEPTEMBER 30, 2013**<br><br>[Re: ECF Nos. 174-3, 177] |

    The court held a discovery hearing on October 24, 2013 on the parties' seventh joint discovery letter brief and issues this order to memorialize the rulings made at it

    1. <u>Review</u>. The main dispute is whether information from the independent expert will be produced directly to Integral or whether it will be produced first to Dr. Tolat's counsel, Farella Braun + Martel, to screen for Dr. Tolat's personal information. For the reasons stated on the record, the information will be produced to Farella first. Farella will review the documents and identify any withheld documents on the equivalent of a privilege log according to the procedures set forth in the undersigned's standing order. Also, as the court said on the record (with Farella's agreement), the productions are not limited to "Integral confidential information," *see* ECF No. 174-3 at 9,[1] but encompass all Integral information.

    2. <u>Timing</u>. Farella represented that it will produce the remaining documents by early next week

---

[1] Citations are to the electronic case file (ECF) with pin cites to the electronically-generated page numbers at the top of the page (as opposed to the parties' numbering on the bottom).

ORDER (C 12-06575 JSW (LB))

1 at the latest. Thus, the court's order is that the documents must be produced by Wednesday, October
2 30, 2013.

3     3. <u>Remaining Media</u>. The discovery dispute also centered on whether Dr. Tolat had other media
4 devices and whether Integral could have access to certain computers and other media devices that at
5 some point were synced to the Dropbox account. *See* ECF No. 74-3 at 11. As to the other media
6 devices, Farella represented that Dr. Tolat has turned over all media devices for forensic evaluation,
7 and he will provide a declaration to that effect. As to other computers, the independent expert
8 provided serial numbers in response to Integral's request for "unique identifiers," but Integral now
9 wants registry numbers as well. Farella said that it would ask the expert whether this additional
10 information is available, and if it is, it will produce it.

11     4. <u>General Questions About Functionality</u>. Another issue was Integral's questions to the expert
12 about functionality. *See* ECF No. 174-3 at 5-9. Farella will provide the questions to the expert and
13 ask how much it will cost to answer them. It is under no obligation to pay for the answers, but
14 depending on the cost, it may or may not decide to pay, and Integral may elect to pay the expert for
15 an answer that will be shared with both sides. There can be no unilateral questions by Integral:
16 whatever it asks about has to be sent to Farella. But this process will allow answers that may
17 illuminate the forensic landscape in preparation for the settlement conference. Farella agreed to this
18 process.

19     5. <u>Dr. Tolat's Access to the Trade Secrets</u>. The court ordered access that includes providing the
20 source code to Farella pursuant to the protective order. Dr. Tolat may have visual access to it only
21 in the presence of his attorneys. As to the other written disclosures (the list of the alleged trade
22 secrets and the interrogatory responses), Farella may give these to Dr. Tolat pursuant to the
23 protective order, but Dr. Tolat cannot take them to work at EBS or otherwise give EBS (or anyone
24 else) access to them. Dr. Tolat's expert also may have access to this discovery pursuant to the
25 protective order. If this order does not provide sufficient detail, the parties may submit a stipulated
26 order with these agreed-to protections spelled out in the detail that they deem appropriate.

27     6. <u>Rule 30(b)(6) Deposition</u>. This should go forward.
28     This disposes of ECF No. 177 (incorporating by reference ECF No. 174-3).

ORDER (C 12-06575 JSW (LB))

2

**IT IS SO ORDERED.**

Dated: October 24, 2013

_____
LAUREL BEELER
United States Magistrate Judge