UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE JEFFREY S. WHITE, JUDGE

------------------------------)
                              )
INTEGRAL DEVELOPMENT CORP.,    )
                              )
                              )
                Plaintiff,    )
                              )
      v.                      )    No. C 12-6575 JSW
                              )
VIRAL TOLAT,                   )
                              )
                Defendant.    )    San Francisco, California
                              )    Friday, May 24, 2013
------------------------------)       (10 pages)


TRANSCRIPT OF PROCEEDINGS


APPEARANCES:

For Plaintiff:          ComputerLaw Group, LLP
                        401 Florence Street
                        Palo Alto, California 94301
                   BY:  JACK RUSSO

For Defendant:          Cadwalader
                        One World Financial Center
                        New York, New York 10281
                   BY:  STEVEN G. ECKHAUS

1    <u>Friday, May 24, 2013</u>

2                                                    (1:30 p.m.)

3        (In open court)

4        **DEPUTY CLERK:**  Calling Case C 12-6575, Integral

5    Development Corp vs. Viral Tolat.

6        Counsel, step forward to the podium and state your

7    appearances.

8        **MR. RUSSO:**  Jack Russo for plaintiff.  Good

9    afternoon, your Honor.

10        **THE COURT:**  Good afternoon.

11        **MR. ECKHAUS:**  Good afternoon, your Honor.  Steve

12    Eckhaus.

13        **THE COURT:**  Good afternoon, Counsel.

14        I've read your case management conference statement, and I

15    understand that -- I know that you have been meeting with

16    Magistrate Judge Corley in an effort to settle the case and

17    that you're going to be going back before her in July, and I

18    understand that the next phase of the case that the parties

19    say needs to happen to move this case forward is to complete

20    the pending discovery.  And then, if appropriate, set motions

21    for preliminary injunction and summary judgment and whatever.

22        So what I was going to propose, and I know from your

23    statements that -- your statement, that a lot of what you need

24    to do or the timing of what you need to do depends upon

25    getting a ruling from Judge Beeler with respect to third-party

1    discovery regarding -- I guess it's Dropbox, and I just spoke

2    to Judge Beeler and she anticipates having a ruling fairly

3    quickly, in the next few days.  She's going to have a phone

4    call with all of you to explain her ruling.

5        So what I would like to do, I think the appropriate thing

6    to do, in anticipation of Judge Beeler settling at least the

7    instant dispute, is to have a meeting, meet and confer and

8    work out a stipulation, which I will sign, agreeing to dates

9    for the next phase of the case.  In other words, all phases of

10   discovery, based upon having a ruling by Judge Beeler next

11   week, and any motions that you feel would be appropriate based

12   upon that discovery going forward.  And then we will see where

13   we go from that.

14       I don't know, from the schedule, where the next phase of

15   the -- or the session of mediation before Judge Corley will

16   occur, but it should get us pretty far down the road.  And so

17   I was -- I think that the stipulation of dates should be filed

18   by May 31st so there's no undue delay with moving the case

19   forward through the next phase of discovery.

20       And let me ask, before we go forward, let me ask defense

21   counsel if you and your client, at this point, given the

22   amount of activity in this case, would have an interest in

23   consenting to have your case further handled by a magistrate

24   judge for all purposes?

25          **MR. ECKHAUS:**  I'll check with my client.

1    **THE COURT:** All right. Why don't you do that. And

2    if you are able to agree on a particular magistrate judge,

3    let's say, for example, Judge Beeler, who's familiar with the

4    discovery part of the case, the Court is willing and -- to

5    sign an order to that effect.

6        The reason I think that would be appropriate and for the

7    parties to consider, obviously we have excellent magistrate

8    judges -- you've been using the time of two of them, and

9    you've gotten to know them firsthand, but they'll have more

10   time to deal with the intricacies of this than the Court will,

11   and you might get a more expedited schedule. Where that fits

12   into the settlement posture of the case, only you know. But I

13   would strongly urge defendants to consider.

14       So I'm going to ask you, as part of the stipulation -- and

15   I'll hear from Mr. Russo in a moment, because his mind may

16   have changed -- to indicate whether the parties are agreeable

17   to stipulating to a magistrate judge to handle the case for

18   all purposes except settlement, because I don't think it's

19   appropriate to have Judge Corley do the settlement. She's

20   already disclosed evaluative opinions on her part, and I don't

21   think it would be appropriate.

22       Or, if you wish to have the matter assigned to a different

23   magistrate judge or one assigned randomly, that's fine, too.

24       So why don't you do that, address that in the stipulation,

25   and we'll see where that leads us?

1     Mr. Russo, did you have any objection to that.

2          **MR. RUSSO:**  No.  In fact, your Honor, I think it's a

3     great idea, and I think both me and Mr. Eckhaus think that

4     Judge Corley did a great job in two days of attempted

5     settlement discussions, and far beyond what our expectations

6     were, and far beyond what I think we could have gotten at any

7     commercial service.

8          That said, we still are in favor of another magistrate

9     judge, not Judge Corley, being the judge in this case, because

10    we do want the earliest available trial date, and I know your

11    Honor's calendar has more than a number of cases ahead of

12    ours.  My client said today, Do you think we'll get a trial

13    date?  And I said, I think it's maybe 50/50.

14         **THE COURT:**  Well, it depends on the motions, but the

15    other problem is, of course -- it's kind of the giant elephant

16    in the room -- is sequestration.  We have sequestration for

17    the rest of this fiscal year, and it's going to be much worse,

18    the mandated cuts by Congress, next year.  There's even talk

19    about not having any money for civil jury trials.  So Congress

20    will essentially abolish the 7th Amendment in the judicial

21    branch because they don't really care, frankly.

22         So, having a magistrate judge will give you more

23    flexibility.  Almost certainly, you'll get a trial date much

24    more quickly, and even a motion date, dispositive motion date,

25    more quickly.  So -- and they're all great.  They just have

1  more time than we do.

2  So -- but if the defendant doesn't want to stipulate,

3  there's absolutely no rancor from this court.  It's your right

4  and it's their right.  But I think it's a good use of judicial

5  resources.

6  That's my only pitch to you.

7  **MR. ECKHAUS:**  Mr. Russo and I haven't agreed on much,

8  but we have agreed that the quality of the magistrate judges

9  has been fantastic in this case.

10  **THE COURT:**  And Judge Beeler is one possibility,

11  because she's an incredibly -- she's really good.  Even if she

12  doesn't do the settlement, she's really good at mediating

13  disputes, and she's very practical-minded and she's got a lot

14  of jury trial experience, both as an Assistant U.S. Attorney

15  and now as a magistrate judge.  And she's really very

16  roll-up-your-sleeves.  All of them are the same way.  They're

17  all very dedicated, but she's particularly energetic, somebody

18  I prefer referring people to directly.

19  So, I think that's all the Court can do at this point.

20  Get the stipulation, I'll sign the order, move forward on

21  discovery.  Judge Beeler is planning on having a telephone

22  conference with you next week to basically explain her ruling

23  and how she wants to see the process transpire, and I think

24  that will give you a lot more of a road map as to where this

25  case needs to go.

1       But I do urge you, I know the case is being passionately

2   litigated, but I do hope you will agree on dates, because

3   that's something we shouldn't have, unless it's a prejudice to

4   your clients or unprofessional in some way, a courtesy -- we

5   really should have agreement on dates.  That's not the place

6   to fight.

7       Yes, Miss Ottolini?

8       **DEPUTY CLERK:**  Do you want to set a deadline for when

9   they submit a joint consent?

10      **THE COURT:**  Yes, by the 31st as well.  In the same

11  stipulation, you can indicate in there as a line item, By the

12  way, we consent to "X", or having the case assigned, or

13  randomly assigned to a magistrate judge.

14      So, is there anything -- and by the way, the -- whatever

15  has happened in this case, vis-a-vis the dates and the

16  stipulation that the Court will sign, will stip.  The only

17  change would be if the parties agree and the magistrate judges

18  agree, if you chose one, that it's appropriate to change the

19  dates, they would.  But having assimilated all of the

20  information you have provided to the Court and invested the

21  time that you have, there's no point in wiping the slate

22  clean.  If you do choose, the case will just move along as it

23  would before, although I would imagine on a more expedited

24  track than this court is able to provide for you.

25      **MR. RUSSO:**  Your Honor, we, I think, have a general

1    agreement that since the TRO hearing and since your order

2    expediting discovery, there's no prejudice to the fact that we

3    may file this preliminary injunction motion, which we are

4    going to file with the combined motion for summary judgment,

5    or summary adjudication.  I'll work those dates out.  I know

6    your Honor has a policy that generally you'd like to see

7    things in one pleading, one motion, if it's all sort of asking

8    for the same subject matter.

9         **THE COURT:**  Well, not like -- the order is that I

10   allow one summary judgment per side.

11        **MR. RUSSO:**  Right.  And where I'm going is I think we

12   can do that, at least from the plaintiff's point of view, if

13   we're given, say, an extra five or 10 pages of space.  I'm not

14   one to be wordy, but I fear if we don't have that additional

15   permission -- and perhaps defense would feel the same way.  I

16   don't know if you can grant that to us or we should propose

17   that in a stipulation dealing with the consolidated motion or

18   cross motions.

19        **THE COURT:**  Well, if you're going to do that, if

20   you're going to ask for more time -- and the Court is amenable

21   to doing that -- you just need to give me more information

22   about why you need it.  Saying -- you know, I believe in

23   what's called the vacuum theory:  Nature hates a vacuum.

24   Lawyers hate a vacuum.  And when given the opportunity to file

25   something on more papers, they will fill that vacuum.  But if

1    I have a reason to do it, I will certainly do it.  And that's

2    another -- just another reason to consider agreeing to a

3    magistrate judge.  They have more time to consider more pages,

4    and they may even have different rules with respect to serial

5    summary adjudication motions.

6        I don't do it because I have never found it to help the

7    case.  It's a lot of resources expended by a party toward no

8    end.  And the cases where I've allowed it have gone to trial.

9    So I have never found a need to -- well, it's not that I've

10   never.  I rarely find a need to allow more than one summary

11   judgment motion because the parties have never been able to

12   convince me that it's -- that it really helps the case move

13   along, and where they have convinced me, I regretted it after

14   I allowed it.

15       So, that's something to consider as well with a magistrate

16   judge.

17           **MR. RUSSO:**  Okay.

18           **THE COURT:**  Anything further?

19           **MR. RUSSO:**  That's all for plaintiff.

20           **THE COURT:**  Thank you.  I hope maybe all this will be

21   mooted, you folks will settle.  But hope springs eternal.

22       But we'll see -- did you want to say anything else,

23   Counsel?

24           **MR. ECKHAUS:**  No, your Honor.

25           **THE COURT:**  Thank you, very much, for your

1    cooperation.

2              **MR. RUSSO:**  Thank you.

3              **THE COURT:**  Have a good weekend.

4              **MR. RUSSO:**  Thank you.  Same to you.

5         (Adjourned)

6                           oOo

7

8

9

10

11

12

13                    CERTIFICATE OF REPORTER

14

15         I, Connie Kuhl, Official Reporter for the United
      States Court, Northern District of California, hereby certify
      that the foregoing proceedings were reported by me, a
16    certified shorthand reporter, and were thereafter transcribed
      under my direction into written form.

17

18    SS//:_____

19                    Connie Kuhl, RMR, CRR
                      Thursday, April 10, 2013
20

21

22

23

24

25